IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:    AMERICAN MEDICAL SYSTEMS, INC.,
          PELVIC REPAIR SYSTEM
          PRODUCTS LIABILITY LITIGATION                MDL No. 2325

THIS DOCUMENT RELATES TO:

*Michelle A. Wilson v. American Medical Systems, Inc.*
Civil Action No. 2:13-cv-30688

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant, American Medical Systems, Inc.'s, ("AMS") Motion to Dismiss with Prejudice. [ECF No. 10]. The plaintiff has not responded, and the deadline for responding has expired.  Thus, this matter is ripe for my review.  For the reasons stated below, AMS's Motion to Dismiss [ECF No. 10] is **DENIED**.

## I.    Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 60,000 cases currently pending, over 4,000 of which are in the AMS MDL, MDL 2325. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 19, for example, provides that each plaintiff in this MDL

must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. *See* PTO # 19, No. 2:12-md-2325, entered Oct. 4, 2012 [ECF No. 302]. The parties jointly drafted the requirements for PTO # 19, and I entered it as applicable to every one of the thousands of cases in this MDL. The instant plaintiff, however, did not comply with PTO # 19 in that she wholly failed to submit a completed PPF, and on this basis, AMS now moves for sanctions against the plaintiff. Specifically, AMS seeks monetary sanctions and dismissal of the plaintiff's case with prejudice.

Ms. Wilson, through counsel, filed her Complaint on December 2, 2013. I later granted a motion by plaintiff's counsel to withdraw from the case, leaving plaintiff pro se. [ECF No. 9]. Although the court does not have an updated address of record for Ms. Wilson, based upon a return receipt card [ECF No. 8] filed by plaintiff's counsel on April 23, 2014, it appears that plaintiff may reside at one of the following two addresses: (1) 323 Pond Road, Surry, New Hampshire 03431 or (2) 350 Monadnock Highway, Swanzey, New Hampshire 03446.

## II.   Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2) (stating that a court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery"). Before levying a harsh sanction under Rule 37, such as

dismissal or default, a court must first consider the following four factors identified by the Fourth Circuit Court of Appeals:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to the case at bar, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate

with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III.  Discussion

Pursuant to PTO # 19, each plaintiff is required to submit a completed PPF within 60 days of filing a Short Form Complaint. PTO # 19 at ¶ 1b. The purpose of the PPF, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 19 provided that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." PTO # 19 at ¶ 1i.

4

I am cognizant of the difficulties that are presented by the plaintiff not being represented by counsel at this time. The pro se litigant, however, is not immune from sanctions for failing to comply with court orders. "Pro se litigants are entitled to some deference from courts . . . . But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (internal citations omitted).

Here, the plaintiff filed her Complaint on December 2, 2013, and her PPF was due to AMS by January 31, 2014. As of the date of this Order, the plaintiff has not submitted a PPF, making it 1,077 days late. AMS asks the court to dismiss the plaintiff's case with prejudice and sanction the plaintiff monetarily. The plaintiff made no response to AMS's motion to dismiss. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is justified, the plaintiff should be afforded one more chance to comply with discovery before further sanctions are imposed.

The first factor, bad faith, is difficult to ascertain, given that the plaintiff did not respond. However, appearing before this court pro se is not itself an excuse for failing to comply with court orders and instead indicates a failing on the part of the plaintiff, who has an obligation to comply with discovery requests and time deadlines. PTO # 19—*which was jointly drafted by the leadership counsel of both parties*— expressly states that failure to timely submit a PPF could result in sanctions. The plaintiff nevertheless failed to comply. Although these failures do not appear to be

callous, the fact that they were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiff. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. Without a PPF, AMS is "unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine*, 460 F.3d at 1234. Furthermore, because AMS has had to divert its attention away from timely plaintiffs and onto Ms. Wilson, the delay has unfairly affected the progress of the remaining plaintiffs in MDL 2325.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In addition, the court expects to have to evaluate and dispose of a significant number of motions similar to the one at bar, thereby directing its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of

establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiff. However, application of the fourth factor—the effectiveness of less drastic sanctions—counsels against the relief sought by the defendant. Rather than imposing harsh sanctions at this time, the court opts for a lesser sanction and allows Ms. Wilson one more chance to comply with PTO # 19 subject to dismissal, upon motion by the defendant, if she fails to do so. This course of action is consistent with PTO # 19, which warned plaintiffs of the possibility of dismissal upon failure to submit a timely PPF. *See* PTO # 19 at ¶ 1g ("If a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to [] deficiency cure procedures.").

Alternative lesser sanctions, such as the ones proposed in Rule 37(b)(2)(i–iv), are simply impracticable, and therefore ineffective, in the context of an MDL containing over 4,000 cases. The court cannot spare its already limited resources enforcing and monitoring sanctions that are qualified by the individual circumstances of each case, nor would it be fair for the court to place this responsibility on AMS. Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording Ms. Wilson a final chance to comply with discovery, subject to dismissal with prejudice if she fails to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## IV.  Conclusion

It is **ORDERED** that AMS's Motion to Dismiss [ECF No. 10] is **DENIED**. It is further **ORDERED** that the plaintiff has **30 days** from the entry of this Order to submit a completed PPF to AMS. The plaintiff is reminded that the PPF and other forms relevant to participating in this MDL are available at http://www.wvsd.uscourts.gov/MDL/amsinc/forms.html. In addition, information on where to submit the PPF is also available on the court's website. **Failure to comply with this Order may result in dismissal with prejudice upon motion by the defendant.**

Finally, plaintiff is **ORDERED** to advise the court of her correct address by **30 days** from the entry of this Order. If plaintiff wishes to receive email notification of case activity by way of Notice of Electronic Filing in a Civil Action, she must (1) register for a PACER account at www.pacer.gov; AND (2) consent in writing to accept service by email notification of all documents (except summons and complaint, discovery materials and Rule 26 disclosures, and waive her right to personal service or service by first class mail pursuant to Fed. R. Civ. P. 5(b)(2)(D)). This consent must be filed in this case, and plaintiff must state that she has received the PACER account and provide her email address. Until then, or until the court obtains an updated address for plaintiff, the defendant must serve Ms. Wilson by U.S. Mail at both addresses listed below.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to the plaintiff via certified mail, return receipt requested to the following two addresses:

| | |
|---|---|
| Michelle A. Wilson<br>323 Pond Road<br>Surry, New Hampshire 03431 | Michelle A. Wilson<br>350 Monadnock Highway<br>Swanzey, New Hampshire 03446 |

ENTER:      January 12, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE